James A. Kohl, Esq.
Nevada Bar No. 5692
Cami M. Perkins, Esq.
Nevada Bar No. 9149
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
Email: cp@h2law.com

And

Leib M. Lerner
(CA Bar No. 227323)
ALSTON & BIRD LLP
333 S. Hope Street, 16th Fl.
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: leib.lerner@alston.com

Jacob A. Johnson
(GA Bar No. 849407)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street,
Suite 4900
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: jacob.johnson@alston.com

Attorneys for Rushmore Loan Management Services, LLC

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>WILLIE N. MOON AND ADNETTE M. GUNNELS-MOON,<br><br><div align="center">Debtors.</div> | Bk. Ct. Case No. 2:13-bk-12466-mkn<br><br>Chapter 13<br><br>**NOTICE OF APPEAL OF ORDER ON MOTION TO COMPEL [DOC. 505] AND STATEMENT OF ELECTION TO DISTRICT COURT** |
|---|---|

<div align="center">

**APL 23-10**

</div>

Rushmore Loan Management Services, LLC ("Rushmore") appeals under 28 U.S.C. § 158 the *Order on Motion to (1) Compel Payment by Rushmore Loan Management Services, LLC; (2) For an Order Finding Rushmore Loan Management Services, LLC in Contempt; and (3) For an Award of Sanctions and Attorney Fees* (the "Order") [Doc. 505] entered on May 5, 2023, and all previously entered interlocutory orders incident thereto. A copy of the Order is attached hereto as Exhibit A.

Rushmore elects under 28 U.S.C. § 158(c)(1)(A) to have this appeal heard by the United States District Court for the District of Nevada.

The parties to the Order, the names, addresses, and telephone numbers of their respective attorneys are as follows:

**Party:** Rushmore Loan Management Services, LLC
**Attorney:**
James A. Kohl, Esq.
Nevada Bar No. 5692
Cami M. Perkins, Esq.
Nevada Bar No. 9149
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
Email: cp@h2law.com

and

Leib M. Lerner
(CA Bar No. 227323)
ALSTON & BIRD LLP
333 S. Hope Street, 16th Fl.
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: leib.lerner@alston.com

Jacob A. Johnson
(GA Bar No. 849407)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street,
Suite 4900
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: jacob.johnson@alston.com

**Party:** Willie Moon and Adnette M. Gunnels-Moon
**Attorney:**
Christopher P. Burke, Esq.
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: May 18, 2023

*/s/ Cami M. Perkins*
James A. Kohl, Esq.
Nevada Bar No. 5692
Cami M. Perkins, Esq.
Nevada Bar No. 9149
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169

And

Leib M. Lerner (CA Bar No. 227323)
ALSTON & BIRD LLP
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
*Admitted Pro Hac Vice*

Jacob A. Johnson (GA Bar No. 849407)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
*Admitted Pro Hac Vice*

*Attorneys for Rushmore Loan Management Services, LLC*

3

**CERTIFICATE OF SERVICE**

On May 18, 2023, I served the following document: *NOTICE OF APPEAL OF ORDER ON MOTION TO COMPEL [DOC. 505] AND STATEMENT OF ELECTION TO DISTRICT COURT*

I served the above-named document by the following means to the persons as listed below:

***(Check all that apply)***

    **X**    a.    ECF System

    ☐    b.    United States mail, postage fully prepaid

    ☐    c.    Personal Service

1. I personally delivered the document(s) to the persons at these addresses:

    ☐    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the documents(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the documents(s) in a conspicuous place in the office.

    ☐    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s)at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

    ☐    **d.**    By direct mail (as opposed to through the ECF System)

    ☐    **e.**    By fax transmission

    ☐    **f.**    By messenger

I declare under penalty of perjury that the foregoing is true and correct.

Signed on: May 18, 2023

Victoria Agunos                */s/ Victoria Agunos*
(Name of Declarant)          (Signature of Declarant)

4856-7681-4181, v. 1

**EXHIBIT A**

**ORDER ON MOTION TO (1) COMPEL PAYMENT BY RUSHMORE LOAN MANAGEMENT SERVICES, LLC; (2) FOR AN ORDER FINDING RUSHMORE LOAN MANAGEMENT SERVICES, LLC IN CONTEMPT; AND (3) FOR AN AWARD OF SANCTIONS AND ATTORNEYS FEES**

4

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
May 05, 2023

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

* * * * * *

In re:

WILLIE N. MOON and ADNETTE M. GUNNELS-MOON,

                                    Debtors.

) Case No.: 13-12466-MKN
) Chapter 13
)
)
)
) Date:   May 3, 2023
) Time:   2:30 p.m.
)

**ORDER ON MOTION TO (1) COMPEL PAYMENT BY RUSHMORE LOAN MANAGEMENT SERVICES, LLC; (2) FOR AN ORDER FINDING RUSHMORE LOAN MANAGEMENT SERVICES, LLC IN CONTEMPT; AND (3) FOR AN AWARD OF SANCTIONS AND ATTORNEYS FEES[1]**

On May 3, 2023, the court heard the Motion to (1) Compel Payment by Rushmore Loan Management Services, LLC; (2) for an Order Finding Rushmore Loan Management Services, LLC in Contempt; (3) for an Award of Sanctions and Attorneys Fees ("Motion") filed in the above-captioned case.  The appearances of counsel were noted on the record.  After arguments were presented, the matter was taken under submission.

## BACKGROUND

On January 24, 2023, an Order on Motion for Attorneys Fees and Costs after an appellate remand ("Remand Fee Order").  (ECF No. 487).[2]  That order awarded attorneys fees and costs in

---

[1] In this Order, all references to "ECF No." are to the documents entered on the case docket maintained by the Clerk of the Court.  All references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. § 101, et seq.

[2] The Motion for Attorney Fees and Costs ("Remand Fee Motion") was filed by the Debtors on June 27, 2022, and noticed to be heard on August 3, 2022.  (ECF Nos. 432 and 433). Attached as Exhibit "B" to the Remand Fee Motion is a description of the services ("Billing Statement") provided by Debtors' counsel.

1

the total amount of $21,360.50 in favor of Adnette M. Gunnels Moon and against creditor Rushmore Loan Management Services, LLC ("Rushmore"). The Remand Fee Order directed that the fees awarded be paid to Christopher P. Burke, counsel for the above-captioned Debtors,[3] no later than February 23, 2023.

On February 21, 2023, Rushmore filed a Notice of Request to Debtors for W-9 in Order to Pay Fees Under Order on Motion for Attorney Fees and Costs [DOC. 487] ("W-9 Notice"). (ECF No. 491).

On March 24, 2023, Debtors filed the instant Motion and noticed it to be heard on May 3, 2023.[4] (ECF Nos. 496 and 497).

On April 20, 2023, Rushmore filed an amended opposition ("Opposition").[5] (ECF No. 502).

On April 26, 2023, Debtors filed a reply ("Reply").[6] (ECF No. 504).

## DISCUSSION

There is no dispute that the Remand Fee Order was not appealed, nor was it modified or stayed in any respect. There is no dispute that Rushmore has and had actual notice of the Remand Fee Order at all relevant times. There is no dispute that Rushmore requested the Debtors to provide an Internal Revenue Service ("IRS") Form W-9 ("W-9") and that the Debtors have not agreed to do so. There also is no dispute that Rushmore did not pay the required funds by the February 23, 2023 deadline and has not paid the funds as of the date of the hearing on the Motion. There is no dispute that Rushmore has not complied with the Remand Fee Order.

It is well established that under the collateral bar doctrine a party must comply with a court order unless it is modified, stayed, or reversed. See Celotex Corp. v. Edwards, 514 U.S.

---

[3] This instant Chapter 13 proceeding was commenced jointly by Willie N. Moon and Adnette Gunnels-Moon ("Debtors"). The Remand Fee Order awarded attorneys fees only in favor of Adnette Gunnels-Moon.

[4] The Motion is accompanied by the supporting Declaration of Christopher P. Burke, Esq.

[5] The Opposition is accompanied by the supporting Declaration of Jacob A. Johnson.

[6] The Reply is accompanied by an additional Declaration of Christopher P. Burke, Esq.

2

300, 306-07 (1995) (collateral bar rule prohibited collateral attack on bankruptcy court order granting injunctive relief). In other words, the party cannot disobey a court order without consequences.[7]

There also is no dispute that Rushmore requested the Debtors to provide a W-9 prior to the deadline prescribed by the Remand Fee Order and that the Debtors denied that request. Rushmore acknowledges, however, that it is fully prepared to remit the required funds to the Debtors even if a W-9 is not provided by the Debtors. In other words, compliance with the Remand Fee Order is not and never was dependent on receipt of a W-9. Instead, Rushmore has made a conscious decision to delay compliance with the Remand Fee Order, and its violation is intentional. Whether a payment without receipt of the W-9 has tax consequences to either Rushmore or the Debtors, or to Debtors' counsel, or all of them, is not before the court and is unnecessary to address.[8] Based on this record, the court finds Rushmore to be in civil contempt

---

[7] Exceptions to the collateral bar doctrine may exist where an order is void on its face or is otherwise transparently invalid. See, e.g., In re Berry, 68 Cal.2d 137, 150, 65 Cal.Rptr. 273, 282 (Cal.1968). The Remand Fee Order was entered after a fully noticed hearing in which Rushmore participated. As mentioned below, Rushmore acknowledges that it never appealed the Remand Fee Order and has the ability to comply even if a W-9 is not provided by the Debtors. Under these circumstances, there is no exception to the collateral bar rule.

[8] Counsel for Rushmore and the Debtors devote significant written argument to whether a W-9 is required by the IRS for a payment in satisfaction of a settlement or judgment amount. See Motion at 2:12-14; Opposition at 4:25 to 9:10; Reply at 4:3 to 5:27. At the hearing, Rushmore also cited two additional case authorities: Childers v.Receivables Performance Mgmt. LLC, 2013 U.S.Dist. LEXIS 66531 (W.D. Wash. May 9, 2013) and Johnson v. LPL Financial Services, 517 F.Supp.2d 1231 (S.D. Cal. 2007). The court has no reason to believe that Rushmore's position on this unsettled legal question is not held in good faith. Neither the language of the Remand Fee Order nor this court, however, has required Rushmore to request nor the Debtors to supply a W-9. While Rushmore or perhaps the Debtors would benefit from an order "…explicitly excusing Rushmore from obtaining W-9's from Mr. Burke and the Debtors and from being required to file any Form 1099's in connection with the payment of the Remand Fee Award," see Opposition at 8:19-21, the court cannot bind the IRS to such relief without its notice of and opportunity to participate in this matter.

3

for violation of the Remand Fee Order.[9]  But the civil contempt finding does not dictate the appropriate remedy.

In this instance, the Remand Fee Order required Rushmore to pay the amount of $21,360.50 to the Debtors not later than February 23, 2023.  Interest at the federal judgment rate from that date through the date of payment will adequately compensate the Debtors for the damage occasioned by the delay.  In addition to the payment of interest resulting from the delay, other sanctions are appropriate for Rushmore's intentional conduct.

As previously noted, Rushmore acknowledges that the full amount required by the Remand Fee Order can be paid without receipt of a W-9 from the Debtors.  Both Rushmore and the Debtors dispute whether a W-9 is required to be provided by the Debtors, but none of the parties cite controlling authority on the issue nor persuasive appellate decisions addressing the dispute.[10]  Debtors have offered no suggestion that supplying a W-9 would require extraordinary effort or would pose any prejudice, but they still refuse Rushmore's request.  It is clear that because the Remand Fee Order imposed a deadline on Rushmore, however, that it was incumbent upon Rushmore to seek relief from subject order rather than the Debtors.[11]  Rushmore did not do so[12] and the Debtors filed the instant Motion.

---

[9] There is no dispute that the Remand Fee Order is addressed specifically to Rushmore and resulted from motion practice specific to Rushmore.  In other words, there is no uncertainty whether the Remand Fee Order applies to Rushmore.  There also is no uncertainty as to the obligations expressly imposed on Rushmore by the Remand Fee Order. Unlike the Debtors original motion that sought civil contempt sanctions for statutory violations of Section 362(k)(1) and Section 524(a)(2), the instant motion entails a discrete order against one party.  Even if the civil contempt standards for a statutory violation are applied, there is no fair ground of doubt that the Remand Fee Order required a sum certain to be paid by a date certain.  Nor is there an objectively reasonable basis to conclude that Rushmore's actions are not in violation of the Remand Fee Order.  Compare Taggart v. Lorenzen, 139 S.Ct. 1795, 1801-1802 (2019) (civil contempt standard for violation of discharge injunction); In re Polvorosa, 621 B.R. 1, 9 (Bankr. D. Nev. 2020) (applying same standard to violation of automatic stay).

[10] The Childers and Johnson decisions cited at the hearing, see note 8, supra, are not dispositive.

[11] When the Debtors declined Rushmore's request to provide a W-9, it admittedly had the ability to pay the full amount required by the Fee Order, but simply decided not to do so.

4

Under these circumstances, Rushmore will be required to pay the full amount awarded by the Remand Fee Order, $21,360.50, no later than May 26, 2023. From the March 23, 2023, deadline imposed by the Remand Fee Order, Rushmore shall pay interest on $21,360.50 at the current federal post-judgment rate[13] until the date that amount is paid. For each and every day after the May 26, 2023 deadline set forth in the instant Order, Rushmore shall pay an additional $1,000.00 if the Remand Fee Order amount and additional interest are not paid. Debtors are permitted but not required to provide Rushmore with an IRS Form W-9.

In addition to the foregoing, Rushmore shall pay attorney's fees to the Debtors. The instant Motion was brought by the Debtors because Rushmore did not comply with the Remand Fee Order or seek appropriate relief. In arriving at the amount originally set forth in the Remand Fee Order, the court reviewed counsel's Billing Statement that was admitted into evidence. The court reviewed the entries for the time expended by Debtors' counsel and the description of the services performed. The court found that 35.9 hours were reasonably expended at an appropriate hourly rate of $595.00. That determination was not appealed.

The court also has reviewed the declarations of counsel for Rushmore and the Debtors submitted in connection with the current Motion. See notes 4, 5 and 6, supra. Additional services were required by Debtors' counsel to address the W-9 dispute raised by Rushmore and to seek compliance with the Remand Fee Order. Instead of requiring another round of additional submissions in this lengthy litigation, the court will award the Debtors further attorneys fees for 12 hours of services at their counsel's same billing rate. On that basis, the total amount of $7,140.00 is awarded for violation of the Remand Fee Order.

**IT IS THEREFORE ORDERED** that the Motion to (1) Compel Payment by Rushmore Loan Management Services, LLC; (2) for an Order Finding Rushmore Loan Management

---

[12] On February 21, 2023, prior to the payment deadline, Rushmore did file with the court the W-9 Notice, representing that it had requested a W-9 from the Debtors. That notice was informational at best and had no impact on Rushmore's obligation to comply with the Remand Fee Order.

[13] See 28 U.S.C. §1961.

Services, LLC in Contempt; (3) for an Award of Sanctions and Attorneys Fees, Docket No. 496, be, and the same hereby is, **GRANTED**.

 **IT IS FURTHER ORDERED** that Rushmore Loan Management Services, LLC ("Rushmore") shall pay the amount of <u>$21,360.50</u> to the Law Offices of Christopher P. Burke, **no later than May 26, 2023.  In addition, from March 23, 2023, Rushmore shall pay interest on $21,360.50, at the current federal post-judgment rate until the date of payment.**

 **IT IS FURTHER ORDERED** that Rushmore shall pay additional attorneys fees in the total amount of <u>$7,140.00</u> to the Law Offices of Christopher P. Burke, **no later than May 26, 2023.**

 **IT IS FURTHER ORDERED** that for <u>each and every day after the May 26, 2023</u> deadline set forth in this Order, Rushmore shall pay <u>an additional $1,000.00</u> if all of the amounts required by this Order are not paid in full.

 **IT IS FURTHER ORDERED** that the amounts paid as required by this Order are to be held in trust by the Law Offices of Christopher P. Burke for the above-captioned Debtors.

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:
WILLIE N. MOON
ADNETTE M. GUNNELS-MOON
3391 EAGLE BEND STREET
LAS VEGAS, NV 89122

JACOB A. JOHNSON, ESQ.
ALSTON AND BIRD LLP
ONE ATLANTIC CENTER
1201 WEST PEACHTREE STREET, SUITE 4900
ATLANTA, GA 30309

LEIB M. LERNER, ESQ.
ALSTON AND BIRD LLP
333 S. HOPE STREET, 16TH FLOOR
LOS ANGELES, CA 90071

### #